**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CYNTHIA JONES,　　　　　　　　　　　　　　　Case No. 1:11-cv-00879

　　　　　Plaintiff,　　　　　　　　　　　　　　　Dlott, J.
　　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

　　　　　Defendant.

**REPORT AND RECOMMENDATION**

This is a Social Security disability benefits appeal for which the Court, acting pursuant to sentence four of 42 U.S.C. § 405(g) ordered a remand to the Administrative Law Judge ("ALJ") for further administrative proceedings upon joint stipulation of the parties. (Docs. 12, 14). Now before the Court is a motion by Plaintiff's counsel for a contingency fee award in the amount of $3,612.50. (Doc. 15). The motion, which is unopposed by the Commissioner (*See* Docs. 16, 17), is premised upon 42 U.S.C. § 406(b)(1)(A).[1] See *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc).

---

[1] Section 406(b)(1)(A) provides:
　　Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

1

Plaintiff entered into a fee agreement with her counsel authorizing a 25% contingency fee of past due benefits payable to the Plaintiff. (Tr. 136-37). Following remand by this court, the Commissioner entered a fully favorable decision resulting in the entitlement of past due benefits. Counsel is seeking $3,612.50, which is 25% of the total past due benefits less the amount of $6,000.00, which is the amount Plaintiff's counsel anticipates will be paid by the Commissioner for work at the Administrative level.

As noted above, Title 42 U.S.C. § 406(b) authorizes the Court to award attorney's fees following the successful prosecution of Social Security disability appeals. However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. 42 U.S.C. § 406(b). Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). A deduction of a contingency fee award may be appropriate when (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would … enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit explained:

2

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.*

In the present case, there are no allegations of improper conduct or ineffectiveness of counsel, nor any suggestion that counsel expended only minimal effort, which would cause the Court to reduce the amount of the requested fee. Moreover, in light of counsel's experience in Social Security matters (*see* Doc. 15 at 3-4), it does not appear that the requested fee would result in an undeserved windfall.

It is therefore **RECOMMENDED** that the unopposed motion for § 406(b)(1)(A) fees (Doc. 15) be **GRANTED**, and that Plaintiff's counsel be **AWARDED** the requested $3,612.50 in fees.

 */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CYNTHIA JONES,   Case No. 1:11-cv-00879

       Plaintiff,   Dlott, J.
          Bowman, M.J.

   v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).